IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KRISTINE WEATHERFORD, )
)
        Plaintiff, )   Case No. 03-1566-KI
)
vs. )   OPINION
)
JO ANNE B. BARNHART, Commissioner )
Social Security Administration, )
)
        Defendant. )

    Alan Stuart Graf
    Amy Van Horn
    1020 S. W. Taylor Street, Suite 230
    Portland, Oregon 97205

        Attorneys for Plaintiff

    Karin J. Immergut
    United States Attorney
    District of Oregon
    Craig J. Casey
    Assistant United States Attorney
    1000 S. W. Third Avenue, Suite 600
    Portland, Oregon 97204-2902

Page 1 - OPINION

Daphne Banay
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

Attorneys for Defendant

KING, Judge:

Plaintiff Kristine Weatherford brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). I reverse the decision of the Commissioner.

## BACKGROUND

Weatherford filed applications for DIB and SSI on June 1, 2001. The applications were denied initially and upon reconsideration. After a timely request for a hearing, Weatherford, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ") on March 11, 2003.

On June 27, 2003, the ALJ issued a decision finding that Weatherford was not disabled within the meaning of the Act and therefore not entitled to benefits. This decision became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ.

## LEGAL STANDARDS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security

income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the

Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance, of the evidence. Id.

Even if the Commissioner's decision is supported by substantial evidence, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. Id. The court must weigh both the evidence that supports and detracts from the

Commissioner's decision.  Id.  The trier of fact, and not the reviewing court, must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the Commissioner.  Id. at 720-21.

**FACTS**

I.     The ALJ's Decision

The ALJ determined that Weatherford engaged in substantial gainful activity in 2000 in a series of clerical jobs through a temporary services agency but did not engage in substantial gainful activity since January 2001.  After reviewing the medical record, the ALJ found that Weatherford had a severe impairment of degenerative disc disease but concluded that any mental impairments were not severe.  He concluded that her allegations of inability to work and disabling pain were excessive and not fully credible.  The ALJ found that Weatherford had the residual functional capacity to perform a modified range of sedentary work with several limitations.  Based on the testimony of a vocational expert, the ALJ found that Weatherford could return to her past relevant work as a general office clerk or a credit clerk and consequently was not disabled under the Act.

II.    Weatherford's History

Weatherford, who was 37 years old at the time of the hearing, alleges that she has been disabled since May 27, 1998, due to degenerative disk disease; back, neck, and hip injuries with chronic pain and loss of mobility; tailbone removal; arthritis; intestinal problems; immune deficiency; and depression, stress, anxiety, problems with memory, learning disability, and confused thinking.  Weatherford has a GED as well as some hours completed at a community college.  She has worked as a bartender/waitress/manager at a bar, general office clerk,

warehouse materials handler, credit clerk, upholstery manufacturing sewer, and upholstery assembly worker.

On May 27, 1998, Weatherford herniated two disks in her back when lifting a heavy box at work. On July 28, 1998, Dr. Miller, a neurosurgeon, recommended that Weatherford have surgery to repair the disks. On September 15, 1998, Dr. Rosenbaum, another neurosurgeon, examined Weatherford and concluded that surgery was reasonable and necessary. Weatherford was afraid and never had the recommended surgery. Instead, she continued treatment with her chiropractor, Dr. Skei, who determined on May 3, 1999, that by that time, Weatherford was not a surgical candidate.

On May 23 1999, Weatherford was in a motor vehicle accident in which her car was rear-ended. The accident injured Weatherford's tailbone, necessitating its removal in March 2000, and worsened her low back pain.

At the hearing, Weatherford testified to getting migraines an average of once a week. She also suffers on a daily basis from piercing, sharp, electrical-type pains going from the base of her skull down her arms. Weatherford has pain in her back and down her legs, along with numbness that at times causes her to fall to the ground. The pain in her legs is excruciating when she lies down at night.

Weatherford also attests to extreme anxiety and stress and complains of confusion. She complains of infections of her whole body, especially in her sinuses and her lungs.

Weatherford, who lives with her children ages 18, 16, and 9, shops for groceries with the help of her teenage son and his girlfriend. She has difficulty performing housecleaning and laundry chores. Weatherford has stopped going to the gym, dancing, and engaging in sports.

Every other day she will take a one to five hour long nap in the afternoon. At times she needs help dressing.

From winter 2001 through spring 2002, Weatherford took classes at the community college. Many of the classes were taught on-line. Weatherford would spend three or four hours a day at the computer when taking the on-line classes. She received a grade of incomplete in all her classes during the last term because she could not spend enough time in front of the computer due to the pain.

## DISCUSSION

I.     Substantial Gainful Activity

Weatherford contends that the ALJ erred when he found that she performed substantial gainful activity in 2000. She claims that her work during these periods meets the requirements of unsuccessful work attempts, which do not preclude a claimant from receiving benefits for the time period.

An unsuccessful work attempt is not considered to have begun unless the claimant does not work for at least 30 consecutive days or was forced to change to another type of work or to another employer. If the work effort is between three and six months, it must have ended due to the impairment and there must have been one other factor present, including frequent absences due to the impairment or unsatisfactory work due to the impairment. A work effort lasting more than six months cannot be an unsuccessful work attempt. SSR 84-25.

Weatherford argues that she meets this criteria because she was off work for four months after her May 1998 accident at her warehouse job, then switched to waitressing, and then switched to office work. She claims that none of these jobs exceeded six months, that she missed

work due to pain, and that she left them due to her disability because she could not complete the assigned tasks due to pain and limitations in sitting, looking at a computer screen, bending, and lifting.

Weatherford does not dispute the ALJ's findings that her earnings in 2000 average over $1,000 per month, well over the $700 per month presumed to constitute substantial gainful activity at that time. The ALJ reasoned that inconsistencies in information provided by Weatherford as compared with her earnings record suggest that the work was performed for longer periods than Weatherford stated. For example, at the wage and length of time that Weatherford reported that she worked one job, the ALJ calculated that she would have had to work 67 hours per week to earn the amount in her earnings record. He concluded that she performed jobs involving clerical functions associated with loan processing for a total of six to eight months in 2000. The ALJ stated:

> While the claimant has alleged that she was frequently absent from these jobs due to disability issues, the amount of her earnings belie this allegation and indicate that the work was performed with reasonable regularity during a total period of six to eight months during 2000. The claimant has also alleged that the jobs ended because she was unable to perform all the duties required by the jobs and that her bosses were not satisfied with her performance. I find this to be not fully credible. The nature of temporary jobs is that they are of short-term duration. Moreover, if the claimant could not satisfactorily perform the duties associated with the job, I find it unlikely that she would be allowed to continue working for periods of three months to five months at one time. It is also unlikely that if the claimant felt she could not perform jobs involving clerical duties that she would later seek similar work.

Tr. 17.

I first note that Weatherford did not challenge the ALJ's finding that she was not fully credible, causing him to reject both Weatherford's allegations of how much time she spent on these jobs and why she left them. The ALJ's finding is well-reasoned and supported by

substantial evidence. It is the ALJ's duty to resolve any conflicts in the evidence. I conclude that he has followed the legal standards in doing so and that his finding that Weatherford performed substantial gainful activity in 2000 is not in error.

II.   Opinion of Occupational Therapist

Weatherford contends that the ALJ improperly failed to either accept or to give reasons to reject part of the opinion of Susan Gallagher, an occupational therapist who performed a physical capacities evaluation on Weatherford. Although the ALJ stated that he primarily relied on Gallagher's opinion, except to place even greater limits on Weatherford's lifting than assessed by Gallagher, the ALJ did not address Gallagher's opinion that Weatherford was limited to occasional reaching above the shoulder, at arms' length, and at floor level, and that Weatherford required extra breaks.

As an occupational therapist, Gallagher is not an acceptable medical source under the regulations, 20 C.F.R. §§ 404.1513(a) (DIB), 416.913(a) (SSI). As an other medical source, however, Gallagher is considered a lay witness whose evidence is considered to show the severity of the claimant's impairment and how it affects the ability to work. Lay testimony about a claimant's symptoms is competent evidence which the ALJ must take into account unless he gives reasons for the rejection that are germane to each witness. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

The Commissioner concedes that the ALJ did not give germane reasons for rejecting Gallagher's opinion on Weatherford's additional limitations. Alternatively, the ALJ could have added the limitations to the hypothetical he posed to the vocational expert. Hypothetical questions posed to a vocational expert must specify all of the limitations and restrictions of the

claimant. Edlund v. Massanari, 253 F.3d 1152, 1160 (9th Cir. 2001). If the hypothetical does not contain all of the claimant's limitations, the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy. Id. Since the ALJ did neither, the Commissioner contends that I should remand the action for further proceedings.

The Commissioner also concedes that the ALJ erred by finding that Weatherford could perform her past relevant work as a general office clerk, which the Dictionary of Occupational Titles ("DOT") lists as light, when the ALJ limited Weatherford to sedentary work.

The ALJ and the vocational expert are not bound by the DOT's classifications. The ALJ may rely on the testimony of the vocational expert, in particular when the expert gives an opinion on the size of the remaining occupational base within the individual's residual functional capacity. Wright v. Massanari, 321 F.3d 611, 616 (9th Cir. 2003). Here, however, the vocational expert did not provide evidence to contradict the DOT.

Further, the Commissioner notes that if the ALJ accepts Gallagher's additional limitations concerning reaching, the vocational expert did not address whether Weatherford could perform her past work as a credit clerk because the DOT lists that job as requiring frequent reaching.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the

evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Id. On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

I agree with the Commissioner that there are issues that must be resolved prior to making a determination on whether Weatherford is disabled under the Act. On the current record, I cannot say that Weatherford cannot perform gainful employment. Accordingly, I will remand the action to allow the ALJ to resolve those issues as explained above.

## CONCLUSION

The decision of the Commissioner is reversed and the Commissioner's Motion to Remand (#35) is granted. This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing as explained above. Judgment will be entered.

Dated this ___21st___ day of April, 2005.

                            /s/ Garr M. King
                            Garr M. King
                            United States District Judge